IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:09CR273 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| KEVIN E. JONES, ) | |
| ) | |
| Defendant. ) | |

This case is before the court on the Defendant's Motion Requesting Disclosure of Unindicted Co-Conspirators (#16). The defendant, Kevin E. Jones, moves the court for an order compelling the government to disclose the identity of and any statements by alleged unindicted co-conspirator/informant which the government intends to offer at trial. The government's brief (#23) in response to the defendant's motion notes that simultaneous to the filing of the response the government is sending, through counsel, the defendant's criminal history, a statement of cooperator in which the cooperator's dealings with the defendant are disclosed, the cooperating individual agreement the cooperator signed with law enforcement, and reports of the cooperators contacts with law enforcement that precipitated his working with law enforcement. The government's response notes that the cooperator's name and all identifying information has been redacted from the above documents. The government also admits in its responsive pleading that the cooperator in this case is more than a mere tipster and that the disclosure of the identity of the cooperator will be made to the defense ten days before trial.

The United States has the privilege to withhold the identity of a person who furnishes information of law violations to officers charged with enforcement of that law. *Roviaro v.*

*United States*, 353 U.S. 53 (1957). The privilege is however qualified. The *Roviaro* court noted that revealing the informer's identity would be appropriate, "where the Government's informer was a sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses." *Roviaro*, *supra,* at 630. Based upon the defendant's pleadings and the government's admission that the cooperator is more than a mere tipster, I find that the government must disclose the identity of the unindicted co-conspirator/ cooperator in this case.

**IT IS ORDERED:**

1. The Defendant's Motion Requesting Disclosure of Unindicted Co-Conspirators (#16) is granted.

2. The government is ordered to reveal the identity of the unindicted co-conspirator/ cooperator ten (10) calendar days before the date set for the beginning of trial in this case.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law****.* The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2.

Dated this 9th day of November 2009.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge