IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                              )<br>                 Plaintiff,              )<br>                                                              )<br>     vs.                                                   )<br>                                                              )<br>KEVIN E. JONES,                               )<br>                                                              )<br>                 Defendant.            ) | Case No. 8:09CR273<br><br>ORDER |

This case is before the court on the Defendant's Motion Requesting Production of All Exculpatory Evidence (#18). In the motion the defendant, Kevin E. Jones, seeks evidence, including but not limited to those items set out in Nos. 1 through 20 of his motion, alleging in his brief (#19) the basis for such discovery as *Brady v. Maryland,* 737 U.S. 83 (1963), the court's supervisory powers to safeguard the correct administration of justice in federal courts, and the Jencks Act. The government, in its response brief (#23), notes that it has turned over to the defendant through counsel copies of the defendant's criminal history, a statement of the cooperator in which the cooperator's dealings with the defendant are disclosed, the cooperating individual agreement the cooperator signed with law enforcement, and reports of the cooperator's contract with law enforcement that precipitated his work with law enforcement. The government further notes that all the above-referenced reports were delivered after redaction of the cooperator's name and identifying information. The defendant's motion is denied.

The motion is denied as both overly broad and premature. The government is under no duty to disclose cooperating witness Jencks Act material, "until said witness has testified on direct examination in a trial of the case." 18 U.S.C. § 3500(a) (2000).

In this case the government is obliged to comply with all rules of discovery, including but not limited to Federal Rules of Criminal Procedure 16, 26.2, and 12.1. Additionally, the government's disclosures must be timely, complete, and continuing. While the defendant's motion sets out twenty groupings of evidence it believes are discoverable, there are no reasons set out to formulate the belief that these items exist and, if they do exist, that their lack of disclosure by the government is in violation of the law. In this case, the defendant's position is based on speculation and speculation does not form a valid basis for this court to conclude that the government is improperly withholding discovery.

**IT IS ORDERED** that Defendant's Motion Requesting Production of All Exculpatory Evidence (#18) is denied.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order *is clearly erroneous or contrary to law*. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2.

Dated this 9th day of November 2009.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge